

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**MUWAKKIL SEIFULLAH BEY SHABAZZ,**

      Plaintiff,

v.                                      Civil Action No. **3:12CV282**

**GENE M. JOHNSON,** *et al.*,

      Defendants.

### MEMORANDUM OPINION

Muwakkil Seifullah Bey Shabazz, a Virginia inmate proceeding *pro se* filed this 42 U.S.C. § 1983[1] action. Under Federal Rule of Civil Procedure 4(m),[2] Shabazz had 120 days to serve the defendants. Here, that period commenced on March 4, 2014. More than 120 days elapsed and Shabazz had not served Defendant Abernathy. Accordingly, by Memorandum Order entered on May 14, 2015, the Court directed Shabazz to show good cause for his failure to serve Defendant Abernathy. Shabazz has responded and seeks an extension of time to show good cause. For the following reasons, Shabazz's Motion of Leave for Extension of Time (ECF

---

[1] That statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

[2] Rule 4(m) provides, in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

No. 66) will be DENIED.  The claims against Defendant Abernathy will be DISMISSED WITHOUT PREJUDICE.

District courts within the Fourth Circuit have found good cause to extend the 120–day time period when the plaintiff has made "'reasonable, diligent efforts to effect service on the defendant.'" *Venable v. Dep't of Corr.*, No. 3:05cv821, 2007 WL 5145334, at *1 (E.D. Va. Feb. 7, 2007) (quoting *Hammad v. Tate Access Floors, Inc.*, 31 F. Supp. 2d 524, 528 (D. Md. 1999)). This leniency is especially appropriate when factors beyond the plaintiff's control frustrate his or her diligent efforts. *See McCollum v. GENCO Infrastructure Solutions*, No. 3:10–CV–210, 2010 WL 5100495, at *2 (E.D. Va. Dec. 7, 2010) (citing *T & S Rentals v. United States*, 164 F.R.D. 422, 425 (N.D. W. Va. 1996)).  Thus, courts are more inclined to find good cause where extenuating factors exist such as active evasion of service by a defendant, *T & S Rentals*, 164 F.R.D. at 425 (citing *Prather v. Raymond Constr. Co.*, 570 F. Supp. 278, 282 (N.D. Ga. 1982)), or stayed proceedings that delay the issuance of a summons.  *McCollum*, 2010 WL 5100495, at *2 (citing *Robinson v. Fountainhead Title Grp. Corp.*, 447 F. Supp. 2d 478, 485 (D. Md. 2006)).  However, "'[i]nadvertence, neglect, misunderstanding, ignorance of the rule or its burden, or hal[f]-hearted attempts at service' generally are insufficient to show good cause." *Venable*, 2007 WL 5145334, at *1 (quoting *Vincent v. Reynolds Mem'l Hosp.*, 141 F.R.D. 436, 437 (N.D. W. Va. 1992)).  While a court might take a plaintiff's *pro se* status into consideration when coming to a conclusion on good cause, *Lane v. Lucent Techs., Inc.*, 388 F. Supp. 2d 590, 597 (M.D.N.C. 2005), neither *pro se* status nor incarceration alone constitute good cause. *Sewraz v. Long*, No. 3:08CV100, 2012 WL 214085, at *1–2 (E.D. Va. Jan. 24, 2012) (citations omitted).

Shabazz responds that his failure to serve Defendant Abernathy in a timely manner should be excused because: (1) "Plaintiff was never notified that the Defendant Ralph

Abernathy was never served;" (Mot. 1); (2) he only learned that Defendant Abernathy was not served through the Court's May 14, 2015 Memorandum Order directing him to show cause for his failure to effect service on Defendant Abernathy; and (3) he "is not allow[ed] to be provided with the address of the Defendant." (*Id.* at 2.)

First, Shabazz's ignorance of the fact that Defendant Abernathy had not been served fails to constitute good cause. The March 4, 2014 Memorandum Order warned Shabazz that "it ultimately remains Plaintiff's responsibility to complete service of process, [however] the Court will attempt serve Defendants . . . pursuant to an informal service agreement . . . ." (ECF No. 32, at 1.) Shabazz was served with the Notice of Appearance filed by the represented Defendants on April 7, 2014. The Notice of Appearance listed those parties who were represented by the Office of the Attorney General. (ECF No. 34.) Neither the Notice of Appearance nor the Answer to the Complaint indicated that Defendant Abernathy had been served or that the Office of Attorney General represented him. (*See* ECF Nos. 34, 38.) More importantly, Shabazz received an additional, explicit warning that Defendant Abernathy had not been served in the Motion for Summary Judgment filed by the remaining Defendants on March 27, 2015. (Mot. Summ. J. 1, ECF No. 60.)

Shabazz fails to demonstrate that he made any effort to serve Defendant Abernathy, much less, a "reasonable, diligent effort[ ] to effect service on the defendant." *Venable*, 2007 WL 5145334, at *1 (citation omitted) (internal quotation marks omitted). Additionally, the Court mailed no other notice to Shabazz about his failure to serve Defendant Abernathy. Thus, his attempt to fault Greensville Correctional Center's mailroom for not providing him his legal mail is misplaced and his need for an extension of time to obtain a nonexistent document is unwarranted.

3

Finally, Shabazz's vague statement that "Plaintiff is not allow[ed] to be provided with the address of the Defendant" (Mot. 2) does not excuse his failure to serve timely Defendant Abernathy. Shabazz's vague, conclusory statement, without any attempt to explain his efforts to obtain an address for Defendant Abernathy, fails to amount to a reasonable, diligent effort by Shabazz. Accordingly, Shabazz has failed to demonstrate good cause to excuse his failure to serve Defendant Abernathy or good cause to warrant an extension of time. Accordingly, Shabazz's Motion for Extension of Time (ECF No. 66) will be DENIED. The claims against Defendant Abernathy will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order shall issue.

Date: 6 - 8 -15
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge